JENNIFER L. COUGHLIN OSB 065781
Brothers Hawn & Coughlin, LLP
974 NW Riverside Blvd.
Bend, OR 97701
Telephone: 541-382-5885
Facsimile: 541-382-3328
jlc@brotherslaw.com
MICHELLE R. BURROWS OSB 896160
420 SW Washington Ste. 300
Portland, OR 97204
Telephone: 503-241-1955
Michelle.r.burrows@gmail.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **EDWIN BURL MAYS, JR.** *as Personal Representative of* **THE ESTATE OF EDWIN BURL MAYS III; EDWIN BURL MAYS, JR.**<br><br>**PLAINTIFFS**<br><br>vs.<br><br>**DESCHUTES COUNTY**, by and through the Deschutes County Sheriff's Office, a Political Subdivision of the State of Oregon; Deschutes County Sheriff **LARRY BLANTON**; Sergeant **BRIAN BISHOP**; Sergeant **TEDD MORRIS**; Deputy **JESSE HURLEY**; Deputy **AMANDA PARKS**; Deputy **DAVID CHAMBERS**; Deputy **RICK BENITEZ**; Deputy **RANDY THOMPSON**; Deputy **JOSEPH TOMAN**; and Deputy **MARSHALL LOONEY**,<br><br>**DEFENDANTS** | Case No. 6:15-cv-00898-AA<br><br>**STIPULATED PROTECTIVE ORDER PERTAINING TO OREGON JAIL STANDARDS** |

On September 17, 2015, the plaintiffs served the Oregon State Sheriff's Association (OSSA) with a subpoena for the Oregon Jail Standards, Policies and Criteria that were used in inspections of the Deschutes County Jail in between 2010 and 2015, as well as copies of any and all inspection reports, audits, and reviews of the Deschutes County Adult Jail between 2010 and 2015. The OSSA has asserted that these documents are confidential and has agreed to produce these documents without opposition only

Page 1 - STIPULATED PROTECTIVE ORDER PERTAINING TO OREGON JAIL STANDARDS

if they are subject to a protective order under Federal Rule of Civil Procedure 26(c). The plaintiffs, defendants (collectively the "parties"), and the OSSA have agreed to the terms and conditions set forth in this Stipulated Protective Order.

The parties and OSSA agree that good cause exists to protect the confidential nature of certain information contained in documents provided by OSSA for the following reasons: The Oregon Jail Standards are owned by the OSSA. The OSSA is a 501(c)3 non-profit organization. OSSA paid a substantial amount of money for the standards and has incurred more money updating the standards. The OSSA has been offered money for these standards. They are a valuable intellectual property. The OSSA considers them a trade secret under Oregon law.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1. All documents produced by OSSA in this case and labeled "Confidential," and all information derived therefrom, shall be used only in this proceeding.

2. The OSSA may designate as "confidential" documents, testimony, written responses, or other materials produced in this case if they contain information that the OSSA has a good-faith basis for asserting is confidential under the applicable legal standards.

3. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to the source of any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

4. If a document, portion of a document deemed "Confidential" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE
ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL
AND SHALL NOT BE SHOWN TO ANY PERSON OTHER

THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 5
OF THE PROTECTIVE ORDER.

5. Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

    b. Counsel for the parties, and the support and administrative staff of counsel's firms.

    c. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

    d. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

    e. The authors and the original recipients of the documents,

    f. Any court reporter or videographer reporting a deposition,

    g. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

    h. Representatives of insurance companies providing indemnity and/or defense coverage to a party to this case.

6. Prior to being shown any documents produced by another party marked "Confidential," any person listed under paragraph 5(c) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A or by a substantially similar agreement.

7. Whenever information designated as "Confidential" pursuant to this Protective

Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraph 5, as appropriate, for that portion of the deposition, hearing or pretrial proceeding.

8. Each party reserves the right to dispute the confidential status claimed by the OSSA in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by the OSSA that party shall confer with counsel for the OSSA. As part of that conferral, the OSSA must assess whether redaction is a viable alternative to complete non-disclosure. If a party and the OSSA are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with the OSSA's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

9. The inadvertent failure to designate a document, testimony, or other material as "Confidential" prior to disclosure shall not operate as a waiver of the OSSA's right to later designate the document, testimony, or other material as "Confidential." The receiving party or its counsel shall not disclose such documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the OSSA of a claim of confidentiality, the receiving party or its counsel shall inform the OSSA of all pertinent facts relating to the prior disclosure of the newly designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

10. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

11. Nothing in this Protective Order shall prejudice any party or the OSSA from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

12. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

IT IS SO ORDERED,
Dated: 11/24/2015      _____
                                        U.S. District Court Judge

IT IS SO STIPULATED:

| _____ | _____ |
| Jennifer L. Coughlin, OSB #065781 | David Doyle, OSB #901477 |
| Of Attorneys for Plaintiffs | Deschutes County Legal Counsel |
| | Of Attorneys for Defendants |
| _____ | |
| Elmer Dickens | |
| General Counsel | |
| Oregon State Sheriff's Association | |

EXHIBIT A

I,_____, have been advised by counsel of record for

_____in_____

of the protective order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the protective order and agree to abide by its terms.

_____
Signed

_____
Printed

_____
Name Date