IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| EDWIN BURL MAYS, JR. and BILLY VANCE MAYS, as Personal Representative of the Estate of Edwin Burl Mays III, | No. 6:15-cv-00898-AA<br>O R D E R |
| Plaintiffs, | |
| v. | |
| DESCHUTES COUNTY, by and through the Deschutes County Sheriff's Office, a Political Subdivision of the State of Oregon; LARRY BLANTON, Deschutes County Sheriff; BRIAN BISHOP, Sergeant; JESSE HURLEY, Deputy; AMANDA PARKS, Deputy; DAVID CHAMBERS, Deputy; RICK BENITEZ, Deputy; RANDY THOMPSON, Deputy; JOSEPH TOMAN, DEPUTY; and MARSHALL LOONEY, Deputy, | |
| Defendants. | |

AIKEN, Judge:

In December 2014, decedent Edwin Burl Mays III was arrested in Deschutes County on a heroin possession charge. Decedent died while in the custody of the Deschutes County Sheriff's

1 - ORDER

Office later that night. In this lawsuit, plaintiff Billy Vance Mays, as personal representative of decedent's estate, alleges staff of the Deschutes County Sheriff's Office denied decedent adequate and timely medical care, in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff[1] also asserts state-law claims of negligence and wrongful death. Plaintiff now moves to amend the complaint to add claims, clarify claims, and add facts and admissions established in discovery. Pls.' Mot. File First Am. Compl. at 2 (doc. 48). For the reasons set forth below, plaintiff's motion is granted in part and denied in part.[2]

Defendants ask this Court to deny plaintiff's motion for leave to amend in its entirety on the ground that plaintiff failed to meet the conferral requirements of Local Rule 7-1. Having reviewed the declarations accompanying plaintiff's motions, I am satisfied that plaintiff's counsel complied with the local rule's conferral and certification requirements.

Defendants also oppose plaintiff's addition of a claim for injunctive relief on the ground of futility.[3] Federal Rule of Civil Procedure 15(a) directs courts to "freely give leave [to amend] when justice so requires." *Id.*; *see also Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d

---

[1] At the time the motions addressed in this order were filed, there were two plaintiffs in this lawsuit: Vance Mays and Eddie Mays, Jr., decedent's father. As explained in footnote 2 below, Mays, Jr. is being dismissed as a plaintiff. For the sake of simplicity, this order uses the singular "plaintiff" even though the motions were filed on behalf of two plaintiffs.

[2] Plaintiff also moves to dismiss with prejudice all claims against defendants Rick Benitez, Randy Thompson, Joseph Toman, and Marshall Looney and to dismiss with prejudice the only claim asserted by plaintiff Eddie Mays, Jr. *Id.*; Docs. 46 & 47. Defendants filed no response to plaintiff's motions to dismiss, and those motions are accordingly granted. The proposed amended complaint contains the changes proposed in the motions to dismiss.

[3] Defendants also mention undue delay in their response, but offer no argument on this point. Arguments made in passing and inadequately briefed are waived. *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1230 (9th Cir. 2008).

1109, 1117 (9th Cir. 2013) ("In general, a court should liberally allow a party to amend its pleading."). The Ninth Circuit has cautioned that a court may

> decline to grant leave to amend only if there is strong evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc."

*Id.* (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendants argue that plaintiff, who brings claims in this lawsuit only in his capacity of personal representative of decedent's estate, lacks standing to seek prospective relief. Defs.' Resp. in Opp. to Pls.' Mot. File First Am. Compl. at 3 (doc. 51). Plaintiff concedes "the ability to get preliminary injunctive relief for a dead person is problematic," but contends the new material in proposed amended complaint should remain because the complaint requests injunctive *and* declaratory relief. Pls.' Reply at 7 (doc. 54).

Under the heading "SEVENTH CLAIM FOR RELIEF: Injunctive Relief," the proposed amended complaint asserts that:

> Plaintiff is entitled to injunctive and declaratory relief where necessary to correct and prevent Constitutional deprivations. If the changes requested by Plaintiff are not ordered there is a substantial risk of immediate harm to other inmates and those held in the Deschutes County jail particularly where the current sheriff has indicated his support and endorsement of the conduct of the defendants on the night of Eddie Mays [sic] death.

Pls.' Mot. File First Am. Compl. Ex. 1 ¶¶ 110-12. The proposed amended complaint goes on to ask the Court to order defendants to "make ... changes to jail policy and procedures," including changes to officer training and to policies for holding arrestees who are suspected of drug use. *Id.* ¶ 112.

Despite the passing reference to declaratory relief, paragraphs 110 through 112 of the proposed amended complaint plainly seek only injunctive relief. These paragraphs do not contain

3 - ORDER

any request for this Court to make a declaration regarding defendants' violation of plaintiff's rights; they ask for policy changes *expressly aimed* at protecting the rights of individuals who are not parties to this lawsuit. Because decedent is no longer alive, changes to jail policy and training cannot redress his injuries. This Court therefore lacks subject matter jurisdiction to consider any claim for injunctive relief, and amendment to add such a claim would be futile. The motion to amend the complaint is denied with respect to the claim for injunctive relief.

Plaintiff's motion for leave to amend the complaint (doc. 48) is DENIED with respect to the claim for injunctive relief (paragraphs 110 through 112 of the proposed amended complaint) and is otherwise GRANTED. Plaintiff's motions to dismiss (docs. 46 & 47) are GRANTED. The parties' request for oral argument is DENIED as unnecessary.

IT IS SO ORDERED.

Dated this 16 day of November 2016.

_____
Ann Aiken
United States District Judge

4 - ORDER